CONSOLIDATED ROLLER-MILL CO. *v.* RICHMOND CITY MILL-WORKS.

*(Circuit Court, D. Indiana.* November 9, 1889.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
    A provisional injunction will not be granted, against the infringement of a patent whose validity is dependent upon the result of an appeal in a former suit for its infringement, where it appears that defendant has been carrying on its business in good faith, and in ignorance of the alleged infringement, and that a stoppage would be an irreparable injury, while plaintiff has an adequate remedy in damages.

In Equity. On motion for provisional injunction.
*Rodney Mason,* for complainants.
*Parkinson & Parkinson,* for defendant.

GRESHAM, J. The above complainants brought suit on four patents, in the eastern district of Michigan, against William A. Coombs, as the user of a roller-mill, made by the defendant in this suit, for the manufacture of flour. The answer attacked the validity of all the patents, and denied infringement. The complainants abandoned one of the patents at the hearing. The court held two of them invalid, and sustained the second, third, fourth, and fifth claims of the other, the Gray patent, which consisted "in a peculiar construction and arrangement of devices for adjusting the rolls vertically, as well as horizontally, whereby any unevenness in the wear of the rolls, or in their journals or bearings, may be compensated for, and the grinding or crushing surfaces kept exactly in line," and also "in the special devices for separating the rolls when not in action, and in other details." The usual decree was entered

against the defendant, and the case was sent to a master. The answer in the suit here sets up substantially the same defenses that were relied on in the Michigan case, which was defended by an association of five mill furnishers, of which the defendant, the Richmond City Mill-Works, was one. The motion for a provisional injunction is based in part upon the decree in the Michigan case on the theory that there was privity between the defendant there and the defendant here. Prior to the commencement of the Michigan suit, Allis, the then owner of the Gray patent, sued Freeman for its infringement in the western district of Wisconsin,[1] and after a hearing the court (Judge BUNN) held the patent invalid, and dismissed the bill for want of equity. The complainant appealed, and then assigned the patent to the parties, or some of them, who became complainants in the Michigan suit, and they dismissed the appeal. Why this was done we do not know. In Gray's first application for a patent he claimed broadly the means for adjusting the roller bearings, irrespective of the particular location of the supporting pivots, which were adjustable, and irrespective of other details of construction. The application was rejected by the patent-office. Gray submitted to the decision, and filed another application, with claims limited to special devices for his adjustments, and the application; with the claims thus limited, was allowed. Judge BROWN, who heard the Michigan case, did not hold Gray to the limitations imposed upon him by the patent-office, but construed his claims broadly, and somewhat as if the patent were a pioneer. Indeed, he interpreted the claims as if no limitations had been introduced into them by amendment to meet the requirements of the patent-office. Certain foreign patents, properly or improperly, caused the patent-office to reject Gray's original application. He submitted to the decision as stated above, and amended his claims by limiting them to the "special devices" by which he made his adjustments, and if he is held to these limitations, and his claims are not expanded by construction, this suit must fail, and the appeal from the Michigan decree will be reversed. It is not necessary, however, for the court, at this time, to express an opinion as to the correctness of the rulings of the learned judge who entered the decree in the Michigan case, or of the effect of that decree upon the defendant in this suit. The defendant is a manufacturer, and the complainants are not, and if the supreme court should hold the Gray patent invalid, and reverse the decree in the Michigan suit, this defendant might, and probably would, suffer irreparable injury, while, if the decree of the Michigan court is affirmed, the complainants can recover full damages and profits for the use of their patented improvements. The defendant owns and operates an extensive establishment, and has a large capital invested in the manufacture of roller-mills. It cannot be said upon the proofs before the court that the defendant has not been carrying on its business in good faith, and in the belief that it was not trespassing upon the rights of others, and a sudden stoppage of its business might be ruinous to it. The chances are more than

---

[1] No opinion filed.

even that if the court should now issue a provisional injunction as prayed for it would result in serious injury to the defendant without benefit to the complainants. The motion for a provisional injunction will be denied, when the defendant files an undertaking, with security, to be approved by the clerk of the court, for the payment of any decree that may be rendered in favor of the complainants on final hearing.